IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT VANDERPLOEG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No.: |
| 2619 REALTY HOLDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ROBERT VANDERPLOEG, by and through the undersigned counsel, and files this, his Complaint against Defendant, 2619 REALTY HOLDING, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, ROBERT VANDERPLOEG (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

1

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes").

7.      Defendant, 2619 REALTY HOLDING, LLC (hereinafter "2619 REALTY HOLDING, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, 2619 REALTY HOLDING, LLC, may be properly served with process for service via its registered agent, to wit:  c/o Di Wang, Registered Agent, 8585 Commerce Park Drive, Suite 500, Houston, TX  77036.

**FACTUAL ALLEGATIONS**

9.      On or about September 3, 2020, Plaintiff was a customer at "Family Dollar" a business located at 2619 Red Bluff Road, Houston, TX  77506, referenced herein as "Family Dollar".  Attached is a receipt documenting Plaintiff's purchase. *See* Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

10.      Plaintiff lives 11 miles from the Property.

11.     Defendant, 2619 REALTY HOLDING, LLC, is the owner or co-owner of the real property and improvements that Family Dollar is situated upon and that is the subject of this action, referenced herein as the "Property."

12.     Plaintiff's access to the business(es) located 2619 Red Bluff Road, Houston, TX 77506, Harris County Property Appraiser's account number 0321070010098 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, 2619 REALTY HOLDING, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13.     Defendant, 2619 REALTY HOLDING, LLC, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, 2619 REALTY HOLDING, LLC, and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

14.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

3

15.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a

return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend

to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting

the public accommodation known to Plaintiff to have numerous and continuing barriers to

access.

16.     Plaintiff travelled to the Property as a customer and as an independent advocate

for the disabled, encountered the barriers to access the Property that are detailed in this

Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to

suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. § 12101 *et seq*.

18.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental
         disabilities, and this number is increasing as the population as a whole is
         growing older;

(ii)     historically, society has tended to isolate and segregate individuals with
         disabilities, and, despite some improvements, such forms of discrimination
         against individuals with disabilities continue to be a serious and pervasive
         social problem;

(iii)    discrimination against individuals with disabilities persists in such critical
         areas as employment, housing public accommodations, education,
         transportation, communication, recreation, institutionalization, health
         services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of
         discrimination, including outright intentional exclusion, the discriminatory
         effects of architectural, transportation, and communication barriers,
         overprotective rules and policies, failure to make modifications to existing
         facilities and practices, exclusionary qualification standards and criteria,

4

segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

19.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

          * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

20.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

21.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22.     The Property is a public accommodation and service establishment.

23.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

5

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25.     The Property must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property is comprised of multiple buildings served by a single parking lot. All of the buildings on the Property are public accommodations.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendant, 2619 REALTY HOLDING, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.     Defendant, 2619 REALTY HOLDING, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, 2619 REALTY HOLDING, LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

31.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Family Dollar, the two accessible parking spaces share an access aisle and there are two large permanent concrete poles in the access aisle which create obstacles for an individual in a wheelchair entering and leaving their vehicle in violation of Section 504.2 of the 2010 ADAAG Standards.

(ii)    Near Family Dollar, the accessible parking space has a depression in the surface causing a running and cross-slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

7

(iii)   On the accessible route leading towards Family Dollar there is a vertical rise with a height exceeding ¼ inch along the accessible route leading to the store, this is a violation of section 303.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(iv)   On the accessible route leading towards Family Dollar is an opening with a width exceeding 1/2 inch in violation of section 302.3 of the 2010 ADAAG Standards. This violation could cause the wheel of the wheelchair to get lodged into the opening and create a dangerous situation.

(v)   Between Family Dollar and Kroger there is an accessible ramp servicing two accessible parking spaces, there is a vertical rise exceeding ¼ inch in height at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(vi)   Between Family Dollar and Kroger there is an accessible ramp servicing two accessible parking spaces, the walking surfaces of the accessible route leading to the accessible ramp have a counter slope exceeding 1:20 in violation of Section 406.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)   Across the vehicular way from Kroger, there is a bank of five accessible parking spaces which are not located on the shortest distance to the accessible route in violation of section 208.3.1 of the 2010 ADAAG standards.  The route leading from these five accessible parking spaces requires an individual to travel a large

distance in the vehicular way to the closest accessible ramp which increases the likelihood of an individual in a wheelchair to be struck by a vehicle.

(viii)   Across the vehicular way from Kroger, there is a large 2 inch pothole in the access aisle of one of the accessible parking spaces, due to the presence of a large 2 inch pothole, this is a violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property utilizing this accessible parking space..

(ix)   Near Unit 2619-135, there is one large permanent concrete pole in the access aisle of the accessible parking space which create obstacles for an individual in a wheelchair entering and leaving their vehicle in violation of Section 504.2 of the 2010 ADAAG Standards.

(x)   Near Unit 2619E, the ground surfaces of the accessible ramp have vertical rises in excess of ¼ (one quarter) inch in height in violation of Section 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

32.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

33.   Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

34.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant

difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

36.      Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

37.      Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, 2619 REALTY HOLDING, LLC, has the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is $4,825,604.00.

38.      The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

39.      Upon information and good faith belief, the Property has been altered since 2010.

40.      In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41.      Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, 2619 REALTY HOLDING, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

42.      Plaintiff's requested relief serves the public interest.

43.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, 2619 REALTY HOLDING, LLC.

44.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, 2619 REALTY HOLDING, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

45.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, 2619 REALTY HOLDING, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, 2619 REALTY HOLDING, LLC, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, 2619 REALTY HOLDING, LLC, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, 2619 REALTY HOLDING, LLC, to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 17, 2020.

Respectfully submitted,

11

12

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com